**FEDERAL PUBLIC DEFENDER**
CENTRAL DISTRICT OF CALIFORNIA
321 EAST 2nd STREET
LOS ANGELES, CALIFORNIA 90012-4202
213-894-2854
213-894-0081 FAX

| | |
|---|---|
| **CUAUHTEMOC ORTEGA** | **ANGELA VIRAMONTES** |
| *Federal Public Defender* | *Riverside Branch Chief* |
| **AMY M. KARLIN** | **KELLEY MUNOZ** |
| *Chief Deputy* | *Santa Ana Branch Chief* |
| | **K. ELIZABETH DAHLSTROM** |
| | *Chief, Capital Habeas Unit* |

Direct Dial: (213) 894-6045

August 2, 2024

Molly C. Dwyer, Clerk of the Court
United States Court of Appeals for the Ninth Circuit

Re:   *United States v. Ford,* Case No. 23-1022 (9th Cir.) (argument held July 12, 2024); Fed. R. App. P. 28(j) Letter on *United States v. Duarte*, 101 F.4th 657 (9th Cir. 2024), *United States v. Rahimi*, 602 U.S. ___, 2024 WL 3074728 (June 21, 2024), and *Worth v. Jacobson*, __ F.4th __, No. 23-2248, 2024 WL 3419668 (8th Cir. July 16, 2024)

Dear Ms. Dwyer:

Ford challenged the constitutionality of her 18 U.S.C. § 922(g)(1) conviction both as applied and facially. (AOB 39-53; ARB 25-26) On July 3, 2024, she filed a Rule 28(j) letter about *Duarte*, which, at the time of oral argument, was controlling law in this Circuit. On July 17, 2024, however, this Court granted rehearing *en banc* in *Duarte*, thereby vacating the panel decision.

The Court's granting of *en banc* rehearing, though, does not rectify the district court's error at *Bruen*'s first step: it erroneously found that individuals with prior felony convictions are simply not covered by the Second Amendment. As explained in the July 3 letter and at oral argument, *Rahimi* expressly rejected the government's argument that the Second Amendment covers only law-abiding, "responsible" citizens. *Rahimi*, 2024 WL 3074728, at *11; *see also id.* at *45 (Thomas, J., dissenting). The government's arguments here based on Ford's alleged dangerousness are *Bruen step-two* considerations and have nothing to do with the purely textual analysis required at step one.

The Eighth Circuit's recent decision in *Worth* confirms this. Regarding the step-one textual analysis, *Worth* found that "the Second Amendment does not have a freestanding, extratextual dangerousness catchall." 2024 WL 3419668, at *6. The government argued there, as here, that it can "regulate guns in the hands of irresponsible or dangerous groups." *Id.* at *8. But the Eighth Circuit held that, "[a]t the step one 'plain text' analysis, a claim that a group is 'irresponsible' or 'dangerous' does not remove them from the definition of the people. 'Neither felons nor the mentally ill are categorically excluded[.]'" *Id.* at *8 (quoting *Kanter v. Barr*, 919 F.3d 437, 453 (7th Cir. 2019) (Barrett, J., dissenting), and citing *Rahimi*, which rejected government's "responsible" argument). The court then proceeded to conduct *Bruen*'s step-two historical analysis separately. *Id.* at *9-14.

In the end, the vacatur of the *Duarte* panel decision does not affect the district court's plain step-one error here. This Court should reverse and remand so that the district court can conduct *Bruen*'s required step-two analysis, which it failed to do in the first instance.

Sincerely,

/s/ *Michael Gomez*
MICHAEL GOMEZ
Deputy Federal Public Defender

## **Certificate of Compliance re Length**

Pursuant to Federal Rule of Appellate Procedure 28(j) and Circuit Rule 28-6, I hereby certify that the body of the foregoing letter (not including the letterhead, preliminary information, the greeting, or the signature block) contains 347 words.

/s/ *Michael Gomez*
MICHAEL GOMEZ
Deputy Federal Public Defender